**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-20199**
**Summary Calendar**
_____


**TOMMY RAY FRANKLIN,**

**Petitioner-Appellant,**

**versus**

**GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,**
**INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

_____

Appeal from the United States District Court
for the Southern District of Texas
Houston Division
(H-93-CV-2474)
_____
September 17, 1997
Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[1]

Tommy Ray Franklin, Texas Prisoner #434198, appeals the
district court's denial of his request for habeas relief under 28
U.S.C. § 2254. We affirm.

Franklin was convicted on two counts of aggravated
robbery. Because of his two prior convictions, the jury could

---

[1]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

impose a prison term of twenty-five years to life for each conviction. See TEX. PENAL CODE § 12.42(d). The jury assessed punishment as a life sentence for each offense. In affirming his conviction, the Texas Court of Criminal appeals described the facts as follows:

> On August 30, 1986, at approximately 1:30 a.m., the appellant approached Milton Brown, the complainant in the first cause, as Brown was using a telephone outside a closed convenience store. He pulled the knife, threw Brown to the ground, robbed him, and stole his car. Brown later identified the appellant from a photo array and lineup.
>
> At approximately 5:30 a.m. the same morning, the appellant arrived at a service station where Kevin Martin was working alone. After buying some gas, the appellant asked Martin to help him take a fuse from his car. When Martin bent to look in the car, the appellant attacked him with a knife and cut Martin's lip. He then robbed Martin, while holding the knife to Martin's throat. Martin attempted to escape. The appellant caught him and forced him to open the cash register. The appellant took money from the cash register, and stabbed Martin in the neck and leg before fleeing in the stolen car. Despite his wounds, Martin managed to get a gun from inside the station and shoot twice, hitting the car at least once. Martin subsequently identified the appellant from a photo array.

Franklin v. State, 742 S.W.2d 66, 67 (Tex. App.--Houston[14th Dist.] 1987, pet. ref'd). The Court of Criminal Appeals denied

discretionary review.    Franklin subsequently filed two unsuccessful state habeas petitions.

Franklin's application for federal habeas relief raised thirteen claims, and the district court granted summary judgment for Johnson on each claim.  On his application for a Certificate of Probable Cause to appeal, which this court treated as an application for Certificate of Appealability, see  28 U.S.C. § 2253(c)(1) as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), we granted leave to appeal on the issues of whether Franklin was denied effective assistance of counsel due to counsel's purported failure to investigate an invalid prior conviction used for enhancement purposes and his counsel's purported advice to plead true to the invalid prior conviction for enhancement purposes.  Franklin filed his petition prior to the effective date of the AEDPA; thus, under Lindh v. Murphy, ___ U.S. ____, ___ S.Ct. ___, 1997 WL 338568 (June 23, 1997), the new provisions do not apply to his petition.  However, the standards for issuance of a Certificate of Probable Cause and Certificate of Appealability are the same. See Drinkard v. Johnson, 97 F.3d 751, 756 (5th Cir. 1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1114 (1997).  Thus, we will treat his appeal as if we granted his request for a Certificate of Probable Cause to appeal.

3

For purposes of enhancement, the indictment of Franklin in this case alleged cause number 250168, a 1976 conviction for theft, and cause number 312939, a 1980 conviction for theft. At the sentencing phase, Franklin pled true to the enhancement convictions. However, the conviction in cause number 250168 had been reversed by the Court of Criminal Appeals in 1977. Thus, Franklin urges that his counsel was ineffective for inadequately investigating the prior convictions and advising Franklin to plead true to an invalid conviction. We disagree.

Although the conviction in cause number 250168 was reversed, Franklin was subsequently reindicted for the same crime in cause number 269160, to which he pled guilty in 1978. This conviction was introduced, along with three other convictions not alleged in the indictment, at the sentencing phase of the trial. After Franklin's penitentiary papers, which included these prior convictions as well as those alleged in the indictment, were introduced by the state, the following exchange occurred outside the presence of the jury.

> Mr. Scheve:     First of all, judge, yesterday I had an opportunity to look at the pen packet and looked at it for about an hour when the jury was out, and I didn't see any objection to it.  Mr. Franklin first was in the holdover cell and I wasn't talking to him at the time. *He claims at this point, as a surprise to me, that a couple of these*

4

*convictions are not true. Not the ones that were stated, by the way, in the enhancement portion*, but so the only thing I can do is-- well, let me ask the court. I hate at this last minute to have to call your I.D. persons but that is the only way I can solve that problem that I can see.

Mr. Coffee: That's right.

(Brief Recess)

Mr. Scheve: Mr. Franklin, since we had the jury present a while ago, we have looked at this pen packet, have we not?

The Defendant: Yes, we have.

Mr. Scheve: And I may have confused you with one number there. And you felt that that pen packet was not correct; is that correct?

The Defendant: That is correct.

Mr. Scheve: *Now we have had a chance to look at it more closely together, and you agree it is correct; is that true?*

The Defendant: *That is true.*

Mr. Scheve: And, so, when Mr. Coffee offers it into evidence in a few moments, you, along with me, will not have an objection to it being admitted, is that correct?

Later in the sentencing portion of the trial, Franklin pled true

to the enhancement allegations:

The Court: OK, when we finish the evidence, then we will be ready to have these charges read and have the argument on punishment?

Mr. Scheve: Yes, sir.

The Court: Mr. Franklin, when the district attorney and the defense attorney announce their stipulation to the court, I will ask you in the presence of the jury is that your agreed stipulation. What will your answer be?

Mr. Scheve: Let me explain the word stipulation, judge.

The Court: Oh. OK, I just wanted you to be on guard and tell you I am going to call on

5

you for an answer. I didn't want to catch you off guard.

The Defendant: I understand.

(The jury enters the courtroom)

The Court: Court is in session. Be seated, please. Court calls for announcements for hearing in the penalty phase in cause 457529 and cause 457530, State of Texas v. Tommy Ray Franklin also known as Bruce Hughes.

Mr. Coffee: State is ready.

Mr. Scheve: The defense is ready.

The Court: Mr. Franklin, will you stand, please? State will read its enhancement paragraphs.

Mr. Coffee: In cause number 457529, before the commission of the offense alleged above, hereafter styled the primary offense, on September 28, 1976 in cause number 250168 in the 178th District Court of Harris County, Texas, the defendant was convicted of felony of theft. Before the commission of the primary offense, and after the conviction in cause number 250168 was final, the defendant committed the felony of theft and was convicted on September 29, 1980, in cause number 312939 in the 209th District Court of Harris Count, Texas. Against the peace and dignity of the State. Enhancement paragraphs are signed by the foreman of the Grand Jury. In cause number--

The Court: Just a minute, please. Mr. Franklin, what is your plea to enhancement paragraph number one in 45729?

The Defendant: True.

The Court: Your plea to enhancement paragraph two?

The Defendant: True.

The Court: Your pleas of true are accepted.

(emphasis added). Franklin pled true to the same enhancement paragraphs in cause number 457530.

6

Franklin claims in his affidavit that he informed his counsel that his conviction in cause number 250168 had been reversed, and that his counsel responded: "[i]f you have proof of that you need to get it to me otherwise I cannot tell that to the court. I have checked the indictments and there are no defects that I can tell." Franklin's counsel submitted an affidavit in the state court proceedings in response:

> I properly investigated Applicant's prior criminal convictions and the pen-packets and did not find objectionable error. I further state that at no time did I advise Applicant to plead true to any prior conviction or enhancement of which he now complains.

Under Strickland v. Washington, 466 U.S. 668, 689-94 (1984), Franklin must show that his counsel's performance fell below an objective standard of reasonableness and that deficient performance prejudiced his defense. In denying his state habeas petition without a hearing, the trial court credited the affidavit of Franklin's counsel and determined that "said facts together with the contents of official court records demonstrate that the totality of the representation afforded [Franklin] was sufficient to protect his right to reasonably effective assistance of counsel."

Franklin stated in open court that the prior convictions alleged in the indictment were legitimate. Such declarations

7

carry a strong presumption of truth. <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977). However, Franklin claims that he informed his counsel at the time of his trial that the conviction in cause number 250168 had been reversed, but his trial counsel nonetheless advised him to plead true. The state court credited the statement of Franklin's counsel that he properly investigated the enhancement paragraphs, yet was unaware of any problems with the prior convictions. We defer to that finding. See <u>Lincecum v. Collins</u>, 958 F.2d 1271, 1279-80 (5th Cir.), <u>cert. denied</u>, 506 U.S. 957, 113 S.Ct. 417 (1992).[2] This is especially true when the affidavit of trial counsel is supported by the statements of both Franklin and his counsel in open court during the trial. Accordingly, we cannot say that counsel rendered constitutionally deficient assistance.

---

[2]This court has stated that where a state proceeding is conducted by affidavit (at least before the advent of AEDPA's § 2254(e)(1)), we must consider the state record and determine whether findings based on such a proceeding are entitled to the presumption of correctness. <u>May v. Collins</u>, 955 F.2d 299, 312 (5th Cir.), <u>cert. denied</u> 504 U.S. 901 (1992). Here, the procedure was adequate. Trial counsel's affidavit corroborates the trial transcript, whereas Franklin's affidavit conflicts with both. The state habeas court had no disadvantage in considering this particular question by virtue of the fact that he was not the same judge who presided at trial. Accordingly, the state court's findings, adequately supported in the record, must be deferred to.

8

Furthermore, Franklin has not satisfied the prejudice prong of the Strickland test. Franklin cites McGee v. Estelle, 732 F.2d 447, 450-51 (5th Cir. 1984), where we held that a conviction under a prior Texas habitual offender statute based upon an invalid conviction could not be harmless error. However, McGee is not particularly helpful to Franklin, because McGee had been convicted under a statute which called for a mandatory life sentence if the two enhancement convictions were proven. McGee, 732 F.2d at 449. In contrast, the statute under which Franklin was convicted does not call for a mandatory life sentence if the defendant has two prior convictions. TEX. PENAL CODE §§ 29.03(b), 12.32(a), 12.42(c). Instead, the additional enhancement conviction only raises the minimum sentence to which he would be subjected: the range is fifteen years to life with one enhancement conviction versus twenty-five years to life with two enhancement convictions. See id. The jury gave Franklin life sentences on both aggravated robbery counts, and, given the egregious nature of Franklin's crimes and his numerous other valid convictions, including the crimes of rape, robbery by firearm and aggravated perjury, introduced at the penalty phase of the trial, he can not show that but for counsel's error, the jury probably would not have sentenced him to a life sentence on

each count. <u>See</u> <u>Spriggs v. Collins</u>, 993 F.2d 85, 88 (5th Cir. 1993) (must be "a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh").

Accordingly, we AFFIRM the district court's decision to deny issuance of the writ.

**AFFIRMED.**